## TOWNLEY v. PROVINCE OF THE HOLY NAME et al.

### No. 4125.

District Court, N. D. California.

Dec. 9, 1938.

Thomas Pierce Rogers, of San Francisco, Cal., for plaintiff.

Andrew F. Burke and Thomas P. O'Brien, both of San Francisco, Cal., for defendant Province of the Holy Name.

LOUDERBACK, District Judge.

The plaintiff seeks to have this Court declare the defendant a trustee of certain

property and to have the Court direct the defendant to account to the plaintiff for the property and the proceeds thereof.

The plaintiff was a novice and then a priest in the Dominican Order, in the Province of the Holy Name, which Province is the defendant in this action.

Subsequent to the plaintiff's making solemn profession as a priest, he inherited property from his godparents. The plaintiff then legally transferred all the property thus acquired to the Province of the Holy Name Dominican Order of the Roman Catholic Church, without any reservations or limitations.

It is the plaintiff's contention that the transfers were made to the Province in trust for the devisees of the will which he had made just prior to making solemn profession. This will was executed pursuant to his privilege of renunciation, and in the will he bequeathed any property he might inherit to his Mother, with various contingencies. The plaintiff claims that he made this will because he was informed and believed that he could thus will away from the Province of the Holy Name any property which he might inherit from his god parents.

Under the evidence in the case, the Canon Law and the Constitution of the Order permits such devise only of inheritance from blood relatives, and provides that property acquired from others than blood relatives becomes the property of the Order of which the Priest is a member.

The will is put into evidence by the plaintiff in proof of his contention that he was told by his superiors and believed that he could, and later did, turn over the property inherited from his godparents to the Province of the Holy Name, only as trustees for the devisees of his will; for he contends that when he made the will he believed that he would not inherit any property from blood relatives, but might inherit some property from his godparents. On this point the plaintiff offered no testimony but his own statements.

The question for determination by the Court is whether the plaintiff transferred the property in question to the Province of the Holy Name, pursuant to the Canon Law and the Constitution of the Order, as grantee; or transferred it to the defendant as trustee of a trust terminable at this time.

The only testimony supporting the plaintiff's contentions that he had been advised by his superiors that he could give property he might inherit from his godparents to others than to the Order, or that he actually turned that property over to the Order only as trustee, is the plaintiff's own statements.

The evidence shows that during the probate of the godparents' estates, the Order permitted him to act as executor, and that when the property was distributed, he transferred it all to the Order without any reservations. Then for a considerable period of time the property was controlled by the Province of the Holy Name as its own property, and all the actions of the plaintiff in connection with the property were consonant with exclusive ownership in the Order.

The witnesses called by the defendant all testified that it was the Canon Law and the Constitution of the Order, and known to the members of the Order, that property acquired from other than blood relatives could not be given to anyone but the Order of which the person involved was a member; that the property involved in this litigation was turned over to the Order under those provisions of the Canon Law and the Constitution of the Order; that those who handled the transfer and the property knew of no limitations to the transfer to the defendant as grantee of all right and title to the property; that they knew of no one who advised the plaintiff that such property could be given to anyone but the Order, since property acquired from godparents was not property acquired from blood relatives. The testimony of the witnesses for the defendant was detailed, comprehensive in detail, and not impeached.

The plaintiff's own testimony, and he had no corroborative witnesses on these points, contained considerable variances. Many transactions in connection with the property were denied by the plaintiff, or were not recalled by him, though they were important acts, but upon being confronted with proof of the transactions, he admitted them. Without going into further detail, the testimony of the plaintiff, and therefore the plaintiff's case, did not meet that burden of proof which devolves upon him to warrant a court in vacating the transfers which were made of the property involved in this litigation.

Therefore, let judgment enter for the defendant upon findings of fact and conclusions of law.